UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LADARRIN ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-01854-TWP-TAB |
| | ) |
| RODNEY J. CUMMINGS, MICHELLE JOHNSON, CRAIG CAMPBELL, JEFF LOCKWOOD, ROBERT COWLES, BRIAN WILLIAMS, KEVIN EARLY, NORMAN RAYFORD, CHAD BOYNTON, STAN YOUNG, and MARTY DULWORTH | ) ) ) ) ) ) ) |
| | ) |
| All their personal and official capacities, | ) |
| | ) |
| Defendants. | ) |

**ORDER DIRECTING ENTRY OF FINAL JUDGMENT**

For the reasons explained below, this action is dismissed for lack of jurisdiction.

Pursuant to the Entry of December 3, 2013, the plaintiff, Ladarrin Roberts ("Mr. Roberts"), was given a period of time in which to 1) show cause why this action should not be dismissed and/or 2) to file a statement of remaining claims as to any claims he intends to assert in this action which were not previously dismissed as legally insufficient. In response, Mr. Roberts sought to show cause why the Complaint should not be dismissed. Mr. Roberts explained that his civil rights have not been violated and that this is not an action brought pursuant to 42 U.S.C. § 1983. Instead, he asserts only state law tort claims.

Under these circumstances, Mr. Roberts has not shown that the dismissal of this action is inappropriate. In addition to the statute of limitations and barrier created by *Heck v. Humphrey*, 512 U.S. 477 (1994) discussed in the Entry of December 3, 2013, Mr. Roberts' present submission reflects that this Court lacks subject matter jurisdiction over his claims.

Subject to obscure exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. ' 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. ' 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F.Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)).

Here, Mr. Roberts has specifically disavowed any claim brought pursuant to § 1983 and there is no other basis upon which this Court could find the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Similarly, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

For the reasons explained above, the Complaint fails to survive the screening required by ' 1915A, because it fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction. In addition, Mr. Roberts failed to pay the initial partial filing fee assessed in the Entry of December 2, 2013. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore appropriate and judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 01/02/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ladarrin Roberts, #230756
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, Indiana  46168